UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY P. MORSON, ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| KREINDLER & KREINDLER, LLP, ) | |
| Defendant. ) | |

### DEFENDANT, KREINDLER & KREINDLER LLP'S
### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Pursuant to the provisions of 28 U.S.C. §§ 1332(a), 1441(a) and 1446(b), Defendant Kreindler & Kreindler, LLP files this Notice of Removal to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County and in support thereof respectfully states as follows.

### FACTUAL BACKGROUND

1. The plaintiff Gregory P. Morson ("Morson"), a resident of Massachusetts, filed a civil action against the defendant, Kreindler & Kreindler, LLP ("Kreindler"), in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2009-00191-E. See Complaint, Exhibit A.

2. Kreindler was Morson's attorney in an action pending in the U.S. District Court for the Eastern District of New York, Civil Action No. 96-02077, which sought damages from the country of Libya after Morson's mother was killed in the bombing of Pan Am Flight 103 over Lockerbie, Scotland. In the instant matter, Morson alleges that Kreindler improperly disclosed information to a judgment creditor of Morson regarding the settlement of the action against Libya. That creditor's rights arose from a judgment obtained against Morson in the case of Palazzetti v. Morson, U.S. District Court for the Eastern District of New York, Civil Action No. 98-00722. Morson alleges that Kreindler's disclosure resulted in Morson being required to

expend $600,000 more than he otherwise would have to satisfy the debt Morson owed to the judgment creditor.

3. The Action is a civil suit brought in the Superior Court of the Commonwealth of Massachusetts, in and for Suffolk County. The United States District Court is therefore the proper forum and venue in which this action may be removed under the provisions of 28 U.S.C. §§ 101 and 1441(a).

4. Kreindler was served on or about January 15, 2009. Thus, this Notice of Removal has been filed within 30 days after formal service of the initial pleading setting forth the claims for relief upon which such action or proceeding is based, as required by 28 U.S.C. § 1446(b).

5. Concerning diversity of citizenship, plaintiff alleges that he is "a natural person with a last and usual residence in Boston, Suffolk County, Massachusetts." See Complaint, Exhibit A, ¶ 1.

6. Kreindler is a Limited Liability Partnership organized under the laws of the State of New York and has a principal place of business in New York. See Registration, attached to Affidavit of Noah Kushlefsky as Exhibit A.

7. At the time this action was commenced, Kreindler's equity partners/members were all either citizens of New York, New Jersey, Connecticut or California. At the time this action was commenced, Kreindler had no equity partner/members who reside in Massachusetts. See Affidavit of Noah Kushlefsky, Esq., ¶¶ 5 and 6.

8. While Kreindler has an office in Boston, Massachusetts, none of the attorneys who practice in that office are equity partners or otherwise members of Kreindler currently or at the time this action was commenced. See Affidavit of Noah Kushlefsky, Esq., ¶¶ 6 and 7.

1092620v1

9. The attorneys who practice out of Kreindler's Massachusetts office are either contract partners or associates, none of whom are members of the firm or otherwise have ever had an equity interest in the firm. See Affidavit of Noah Kushlefsky, Esq., ¶¶ 7 and 9; Excerpts from Kreindler's Registration to do Business in Massachusetts, Exhibit B.

10. None of the attorneys in Kreindler's Massachusetts office provided Morson with legal representation or otherwise participated in the litigation against the Country of Libya. See Affidavit of Noah Kushlefsky, Esq., ¶ 8.

11. The Statement of Damages filed with the Suffolk Superior Court alleges damages in excess of $600,000.00. See Exhibit C.

12. The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006), citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-196 (1990). The First Circuit position on partnership citizenship is consistent with that of every circuit to consider the issue. Id. (See citations, 435 F.3d at 54-55).

13. Because Morson is a citizen of Massachusetts ("For purposes of diversity, a person is a citizen of the state in which he is domiciled." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992)) and none of Kreindler's members are citizens of Massachusetts (See Affidavit of Noah Kushlefsky, Esq., ¶), complete diversity of the parties exists and removal is appropriate.

14. Pursuant to 28 U.S.C. § 1446(d), Kreindler will immediately file a notice of the filing of this Notice of Removal (including a copy thereof) with the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Suffolk County.

1092620v1

15. Pursuant to 28 U.S.C. § 1447(d) and Local Rule 81.1, Kreindler will immediately request that the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Suffolk County, provide certified or attested copies of all records and proceedings in the Action and certified or attested copies of all docket entries thereon. Kreindler will cause such attested or certified copies of the state court record to be filed with this Court within thirty (30) days hereof as required by Local Rule 81.1.

16. Counsel for Kreindler are duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of Fed. R. Civ. P. 11.

## CONCLUSION

WHEREFORE, Petitioner prays that said action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed therefrom to the United States District Court for the District of Massachusetts.

Respectfully submitted,

The Defendant,
Kreindler & Kreindler, LLP
By its Attorneys:
MORRISON MAHONEY LLP

_____
Scott Douglas Burke, Esq. BBO#551255
Doyle C. Valley, Esq. BBO#638578
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that this document will be sent by First Class Mail to counsel for plaintiff in the above-captioned matter on February 11, 2009.

_____

Dated: February 11, 2009

4

1092620v1